IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRAY CODANE GREEN,**<br>*Petitioner,*<br><br>v.<br><br>**J. L. JAMISON et al.,**<br>*Respondents.* | :<br>:<br>:<br>:   **CIVIL NO. 26-0773**<br>:<br>:<br>:<br>: |

Scott, J.                                                                                           **February 26, 2026**

## **MEMORANDUM**

Petitioner Andray Codane Green filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 15 [hereinafter Pet.]. Green alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Fifth Amendment Due Process rights, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act. *Id.* ¶¶ 28–45.

Green is a noncitizen from Jamaica who is married to a U.S. citizen. Pet. ¶ 16–17. Green entered the United States in March 2023 and was granted parole in late April 2024. ECF No. 11 at 3 (hereinafter "Pet. Reply"). He applied for asylum in October 2023. *Id.* On February 5, 2026—almost three years after Green initially entered the country—ICE took him into custody during a routine check-in and did not provide him prior notice. Pet. at 2.

On the Government's view, Green is detained pursuant to 8 U.S.C. § 1225(b)(1) and that neither the discretionary parole which Green was granted under 8 U.S.C. § 1182(d)(5) nor the subsequent termination of that parole changes Mr. Green's legal status as an inadmissible alien. Government's Response, ECF No. 4, at 2–8. The Eastern District of Pennsylvania has rejected

1

this argument advanced by the Government several times. *See, e.g.*, *Sadykov v. Rose et al.*, 26-cv-00086, at 1 n.2 (E.D. Pa. Jan 16, 2026) (collecting cases); *Talabadze v. Rose et al.*, 26-cv-0360, at 1 n.1 (E.D. Pa. Jan. 30, 2026); *Seminario-Marcos v. Jamison et al.*, 26-cv-0421, at 2 n.1 (E.D. Pa. Feb. 6, 2026); *Pkhaladze v. Rose et al.*, 26-cv-0509, at 2 n. 3 (E.D. Pa. Feb. 10, 2026); and *Vasquez Diaz v. Rose et al.*, 26-cv-0342 1 n.1 (E.D. Pa. Feb. 10, 2026). For the same reasons set forth in those Opinions, this Court holds that Green's detention violates the INA.

This Court therefore grants Green's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(1) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Green is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Green under 8 U.S.C. § 1226(a) for seven days following his release.